IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SWIRLATE IP LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 21-75 (CFC) |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| AUDIOCODES, INC., | ) | |
| | ) | **PATENT CASE** |
| Defendant. | ) | |

**DEFENDANT AUDIOCODES, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT
FOR PATENT INFRINGEMENT**

Defendant AudioCodes, Inc. ("AudioCodes" or "Defendant"), by and through
its attorneys, respectfully submits this Answer and Affirmative Defenses to
Plaintiff's Original Complaint for Patent Infringement ("Complaint") (D.I. 1) filed
January 26, 2021, by Plaintiff Swirlate IP LLC ("Swirlate" or "Plaintiff").

The headings below track those used in the Complaint and are for convenience
only. They do not constitute any part of AudioCodes' Answer to the Complaint or
any admission by AudioCodes as to the truth of the matters asserted. AudioCodes
further states that anything in the Complaint that is not expressly admitted is hereby
denied.

## ANSWER TO COMPLAINT

### THE PARTIES

1.     AudioCodes lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies these allegations.

2.     AudioCodes admits it is a corporation organized and existing under the laws of Delaware.  AudioCodes admits it has a registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801. AudioCodes denies any remaining allegations set forth in Paragraph 2.

### JURISDICTION AND VENUE

3.     AudioCodes admits the Complaint is styled as an action for patent infringement arising under Title 35 of the United States Code and that the Court has subject matter jurisdiction.  AudioCodes denies that Swirlate has stated a legally sufficient claim for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). AudioCodes denies any remaining allegations set forth in Paragraph 3.

4.     AudioCodes does not contest that the Court has general personal jurisdiction over AudioCodes, solely for the purposes of this action.  AudioCodes denies the remaining allegations set forth in Paragraph 4.

5.     AudioCodes does not contest that the Court has personal jurisdiction over AudioCodes, solely for the purposes of this action.  AudioCodes denies the remaining allegations set forth in Paragraph 5.

6.      AudioCodes does not dispute venue is proper under 28 U.S.C. §
1400(b).  AudioCodes admits it is incorporated in Delaware.  AudioCodes denies
the remaining allegations set forth in Paragraph 6.

7.      AudioCodes does not dispute personal jurisdiction exists and venue is
proper for purposes of this action.  AudioCodes denies any remaining allegations set
forth in Paragraph 7.

## COUNT I
### (Alleged Patent Infringement of U.S. Patent No. 7,154,961)

8.      AudioCodes reasserts the admissions and denials to the preceding
paragraphs in this Answer and incorporates its responses.

9.      AudioCodes admits that what purports to be a copy of U.S. Patent No.
7,154,961 ("the '961 Patent") is included as Exhibit A to the Complaint.
AudioCodes admits the '961 Patent is titled "Constellation Rearrangement for ARQ
Transmit Diversity Schemes."  AudioCodes denies that the '961 Patent was properly
issued.  AudioCodes is without sufficient knowledge or information to admit or deny
the remaining allegations contained in Paragraph 9, and therefore denies all such
allegations.

10.     AudioCodes is without knowledge or information sufficient to form a
belief as to the truth of the allegations in Paragraph 10 and, on that basis, denies all
such allegations.

11.     AudioCodes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, on that basis, denies all such allegations.

12.     AudioCodes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, denies all such allegations.

13.     AudioCodes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, on that basis, denies all such allegations.

14.     AudioCodes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, denies all such allegations.

15.     AudioCodes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, denies all such allegations.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

## COUNT II
### (Alleged Patent Infringement of U.S. Patent No. 7,567,622)

25.    AudioCodes reasserts the admissions and denials to the preceding

paragraphs in this Answer and incorporates its responses.

26.    AudioCodes admits that what purports to be a copy of U.S. Patent No.

7,567,622 ("the '622 Patent") is included as Exhibit B to the Complaint.

AudioCodes admits the '622 Patent is titled "Constellation Rearrangement for ARQ

Transmit Diversity Schemes."  AudioCodes denies that the '622 Patent was properly

issued.  AudioCodes is without sufficient knowledge or information to admit or deny

the remaining allegations contained in Paragraph 26, and therefore denies all such

allegations.

27.    AudioCodes is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 27 and, on that basis, denies all

such allegations.

28.    AudioCodes is without knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 28 and, on that basis, denies all

such allegations.  AudioCodes reasserts the denials to preceding paragraphs 11-15 and incorporates its responses.

29.    AudioCodes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies all such allegations.

30.    AudioCodes is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies all such allegations.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

AudioCodes denies any allegation not specifically admitted and denies any facts alleged in the headings of the Complaint.

## JURY DEMAND

Swirlate's demand for a jury trial does not require a response from AudioCodes.

## PRAYER FOR RELIEF

To the extent any response is required to any paragraph of Swirlate's Prayer for Relief, including without limitation its unnumbered paragraph and paragraphs it has labeled (a)-(e), AudioCodes denies that Swirlate is entitled to any relief from AudioCodes and denies all of Swirlate's requested relief.

## AFFIRMATIVE DEFENSES

Subject to the responses above, AudioCodes alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and without reducing or removing Swirlate's burden of proof on its affirmative claims against AudioCodes, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, AudioCodes specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## First Affirmative Defense

AudioCodes does not, has not, and will not infringe, literally or under the doctrine of equivalents, any valid, properly construed claim of the '961 Patent and the '622 Patent (collectively, "Asserted Patents"), either directly, indirectly, contributorily, by inducement, or in any other manner.

## Second Affirmative Defense

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the statutory requirements specified in Title 35 of the United States Code, including, but not limited to 35 U.S.C §§ 101, 102, 103, and/or 112.

## Third Affirmative Defense

To the extent that Swirlate and alleged predecessors in interest to the Asserted Patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that AudioCodes' actions allegedly infringed the Asserted Patents, AudioCodes is not liable to Swirlate for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

## Fourth Affirmative Defense

Swirlate's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Swirlate is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

## Fifth Affirmative Defense

Swirlate is precluded from recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

## Sixth Affirmative Defense

Swirlate's claims are barred, in whole or in part, based upon prosecution history estoppel and prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers and/or disavowals made during the prosecution of the Asserted Patents and/or on the internally inconsistent litigation positions Swirlate has explicitly or implicitly taken with respect to the Asserted Patents.

## Seventh Affirmative Defense

Swirlate's claims are barred by the doctrines of waiver, implied waiver, equitable estoppel, and/or patent misuse. For example, Swirlate alleges the accused product infringes by practicing the LTE standard set by the European Telecommunications Standards Institute ("ETSI"). To the extent that Swirlate is correct that the Asserted Patents are essential to the standard adopted by ETSI and AudioCodes infringes only by practicing the LTE standard, Swirlate was required to offer a fair, reasonable, and nondiscriminatory royalty to license those patents prior to filing suit and should be estopped from proceeding with this litigation without doing so.

9

**Eighth Affirmative Defense**

Swirlate's claims for relief are barred in whole or in part by express or implied license or patent exhaustion, including to the extent the Asserted Patents are licensed through, or by association with, the European Telecommunications Standards Institute ("ETSI") or the 3rd Generation Partnership Project ("3GPP").

**AUDIOCODES' COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 13, Defendant and now Counter-Plaintiff AudioCodes, brings these Counterclaims against Plaintiff and now Counter-Defendant Swirlate.  AudioCodes seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, declaring United States Patent Nos. 7,154,961 ("the '961 Patent") and 7,567,622 ("the '622 Patent") invalid, unenforceable, and not infringed by AudioCodes.

**The Parties**

1.    Counterclaim Plaintiff AudioCodes is a corporation organized and existing under the laws of Delaware, with a place of business at 200 Cottontail Lane, Suite A101E, Somerset NJ 08873.

2.    Upon information and belief based solely on Paragraph 1 of the Complaint, Counterclaim Defendant Swirlate is a Texas limited liability company having an address at 6009 W Parker Rd, Ste 149 - 1090, Plano, TX 75093-8121.

### Jurisdiction and Venue

3.      AudioCodes incorporates by reference the foregoing paragraphs. These counterclaims arise under the patent laws of the United States, Title 35, United States Code.  The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

4.      Swirlate has consented to the personal jurisdiction of this Court by at least commencing its action for patent infringement in this District, as set forth in its Complaint.

5.      Based solely on Swirlate's filing of this action, venue is proper in this District pursuant to at least 28 U.S.C. § 1391.

### Count I – Declaration of Non-Infringement of the '961 Patent

6.      AudioCodes restates and incorporates by reference the foregoing paragraphs.

7.      An actual and justiciable controversy exists between the parties as to AudioCodes' noninfringement of the '961 Patent based on Swirlate's filing of the Complaint, this action, and AudioCodes' Answer and Affirmative Defenses above.

8.      AudioCodes does not infringe at least Claim 1 of the '961 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents, through its use or incorporation of any technology, including the accused AudioCodes Mediant 500L MSBR product ("Accused Product").  For example, the Accused

11

Product does not include "modulating data packets at the transmitter using a first modulation scheme to obtain first data symbols; performing the first transmission by transmitting the first data symbols over a first diversity branch to the receiver; modulating said data packets at the transmitter using a second modulation scheme to obtain second data symbols; performing the second transmission by transmitting the second data symbols over a second diversity branch to the receiver" or any equivalent thereof, and thus does not infringe the '961 Patent.

9.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., AudioCodes seeks a declaration that AudioCodes has not infringed and does not infringe any claim of the '961 Patent under any theory, including directly (whether individually or jointly) and indirectly (whether contributorily or by inducement).

## Count II – Declaration of Non-Infringement of the '622 Patent

10.     AudioCodes restates and incorporates by reference the foregoing paragraphs.

11.     An actual and justiciable controversy exists between the parties as to AudioCodes' noninfringement of the '622 Patent based on Swirlate's filing of the Complaint, this action, and AudioCodes' Answer and Affirmative Defenses above.

12.     AudioCodes does not infringe at least claim 1 of the '622 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents, through

its use or incorporation of any technology, including the Accused Product.  For example, the Accused Product does not include "modulating data packets at the transmitter using a first mapping of said higher order modulation scheme to obtain first data symbols; performing the first transmission by transmitting the first data symbols over a first diversity branch to the receiver; receiving at the transmitter the repeat request issued by the receiver to retransmit the data packets in case the data packets of the first transmission have not been successfully decoded; modulating, in response to the received repeat request, said data packets at the transmitter using a second mapping of said higher order modulation scheme to obtain second data symbols; performing, in response to the received repeat request, the second transmission by transmitting the second data symbols over a second diversity branch to the receiver;" or any equivalent thereof, and thus does not infringe the '622 Patent.

13.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., AudioCodes seeks a declaration that AudioCodes has not infringed and does not infringe any claim of the '622 Patent under any theory, including directly (whether individually or jointly) and indirectly (whether contributorily or by inducement).

## Count III – Declaration of Invalidity of the '961 Patent

14.     AudioCodes restates and incorporates by reference the foregoing paragraphs as though set forth fully herein.

15.    An actual and justiciable controversy exists between the parties as to the invalidity of the '961 Patent based on Swirlate's filing of the Complaint in this action and AudioCodes' Answer and Affirmative Defenses above.

16.    The claims of the '961 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101-103 and 112.  For example, the claims of the '961 Patent are anticipated and/or rendered obvious by the prior art (e.g., U.S. Patent Appl. Pub. No. US 2003/0072292 A1; Korean Patent No. KR100526525B1; U.S. Patent No. 6,298,092).  In another example, the claims lack written description, are not enabled, and/or are not sufficiently definite.

17.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., AudioCodes seeks a declaration that all claims of the '961 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

### **Count IV – Declaration of Invalidity of the '622 Patent**

18.    AudioCodes restates and incorporates by reference the foregoing paragraphs as though set forth fully herein.

19.    An actual and justiciable controversy exists between the parties as to the invalidity of the '622 Patent based on Swirlate's filing of the Complaint in this action and AudioCodes' Answer and Affirmative Defenses above.

14

20.     The claims of the '622 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101-103 and 112.  For example, the claims of the '622 Patent are anticipated and/or rendered obvious by the prior art (e.g., U.S. Patent Appl. Pub. No. US 2003/0072292 A1; Korean Patent No. KR100526525B1; U.S. Patent No. 6,298,092).  In another example, the claims lack written description, are not enabled, and/or are not sufficiently definite.

21.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., AudioCodes seeks a declaration that all claims of the '622 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

15

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Lucinda C. Cucuzzella*

Jack B. Blumenfeld (#1014)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
ccucuzzella@morrisnichols.com

OF COUNSEL:

Robert L. Greeson
Hao J. Wu
Jackie Baker
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX  75201-7932
(214) 855-8000

Erik Janitens
NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
(713) 651-5151

June 21, 2021

*Attorneys for Defendant*

16

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 21, 2021, upon the following in the manner indicated:

Jimmy C. Chong, Esquire                           *VIA ELECTRONIC MAIL*
THE CHONG LAW FIRM, P.A.
2961 Centerville Road, Suite 350
Wilmington, DE  19808
*Attorneys for Plaintiff*

David R. Bennett, Esquire                          *VIA ELECTRONIC MAIL*
DIRECTION IP LAW
P.O. Box 14184
Chicago, IL  60614-0184
*Attorneys for Plaintiff*

*/s/ Lucinda C. Cucuzzella*

Lucinda C. Cucuzzella (#3491)